**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TIMOTHY D. SLONE,

     Plaintiff,

v.                                         Case No. 8:07-CV-1982-T-30MSS

JAMES A. MARTIN, et al.,

     Defendants.

_____/

## ORDER

Plaintiff, a pre-trial detainee incarcerated at Pinellas County Jail proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. §1983 (Dkt. 1), and an Affidavit of Indigency seeking to proceed *in forma pauperis* (Dkt. 2).

Under 28 U.S.C. § 1915A, a district court must screen prisoners'[1] civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] 28 U.S.C. § 1915A(c) states in pertinent part that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of. . . violations of criminal law . . . ." Accordingly, the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees.

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee.   The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation. *See* 28 U.S.C. § 1915A(a).

### Plaintiff's claims

Plaintiff asserts that on July 27, 2007, Defendant Martin, his court appointed attorney, waived his right to a speedy trial without his knowledge or consent (Dkt. 1 at 8).  He states that the State accepted the "waiver" without confirming that it was "legitimate."  (Id.).  He also claims that on August 18, 2007, he was excluded from another "pre-trial."  (Id.).

Plaintiff claims that Defendant Martin told him that "he does not work for [Plaintiff]." Plaintiff alleges that he believes his "court appointed attorney is in collusion with the prosecution."  (Id. at 9).

Plaintiff claims that Defendants violated his right to access to the courts and to "public records and meetings," and he asserts that his right to a speedy trial was waived without his knowledge or consent (Id. at 8).  He seeks ten million dollars in damages and "adequate

2

representation."  (Id. at 10).

## Discussion

In any § 1983 action, the initial inquiry must focus on whether two essential elements

are present:

> (1) whether the person engaged in the conduct complained of was acting under
> color of state law; and (2) whether the alleged conduct deprived a person of
> rights, privileges or immunities guaranteed under the Constitution or laws of
> the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted); *see also Hale v.*

*Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995).

Plaintiff sues his court appointed defense counsel for waiving his right to a speedy

trial without his consent. Plaintiff's claim is fatally flawed because the complaint fails to

meet the requirements of a § 1983 action as Defendant Martin is not a person "acting under

of color of state law" for the purposes of the statute.  Significantly, the United States

Supreme Court has held that "a public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).

Allegations against court appointed criminal defense counsel do not state a claim under

§ 1983 because such attorneys do not act under "color of state law" when they act as

attorneys for criminal defendants. *See United States ex rel. Simmons v. Zibilich*, 542 F.2d

259, 261 (5th Cir. 1976).  The Court, in viewing the facts alleged in the light most favorable

to Plaintiff, concludes that no relief could be granted against Defendant Martin under any set

of facts that could be proved consistent with the allegations in Plaintiff's complaint. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

To the extent that Plaintiff, as a pretrial detainee, wishes to challenge ongoing criminal charges pending against him he is required to brings an action under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

## Conspiracy Claim

In his complaint Plaintiff makes the vague and conclusory allegation that "[he] believe[s] [his] court appointed attorney is in collusion with the prosecution." Prosecutors are absolutely immune from § 1983 damage claims for actions which are an "integral part of the judicial process." *Schlosser v. Coleman*, 818 F. Supp. 1534, 1539 (M.D. Fla. 1993)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976)). Moreover, although Plaintiff fails to specifically allege that Defendants McCabe, Rossenwosser, and Wardell, the three prosecutors named as defendants, were part of a conspiracy with Defendant Martin, that claim would also fail as to Defendants McCabe, Rossenwosser, and Wardell since "the allegation that a challenged official act is part of a conspiracy does not in any manner dilute [prosecutorial] immunity." *Elder v. Athens-Clarke County*, 54 F.3d 694, 695 (11th Cir. 1995).

Likewise, in civil rights actions, a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. Fullman v. Graddick, 739 F.2d 553, 556-57 (llth Cir. l984); Kearson v. Southern Bell Telephone & Telegraph Co., 763

F.2d 405, 407 (11th Cir. 1985), cert. denied, 474 U.S. 1065 (1986).  Complaints cannot survive

a motion to dismiss if they contain conclusory allegations of conspiracy but do not support

their claims with references to material facts.  Dunn v. Gazzola, 216 F.2d 709, 711 (1st Cir.

1954); Kadar Corp.  v. Milbury, 549 F.2d 230 (1st Cir. 1977);  Fletcher v. Hook, 446 F.2d 14

(3rd Cir. 1971);  Johnson v. Stone, 268 F.2d 803 (7th Cir. 1959);  Ellingburg v. King, 490 F.2d

1270 (8th Cir.  1974); Powell v. Jarvis, 460 F.2d 551 (2d Cir.  1972).  Plaintiff has failed to

plead facts supporting his vague claim that a conspiracy exists between his attorney and the

prosecution, and the courts need not conjure up unpleaded facts to support these conclusory

suggestions.  O'Brien v.  DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir. 1976).

To prove a 42 U.S.C. § 1983 conspiracy, a plaintiff "must show that the parties

'reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable

wrong to support the conspiracy."  Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir.

1990), *cert. denied*, 500 U.S. 932, 111 S.Ct. 2053, 114 L.Ed.2d 459 (1991)(citations

omitted).  Plaintiff has not shown that the parties communicated to reach an understanding

to deny his constitutional rights.  Therefore, Plaintiff's § 1983 conspiracy claim will be

dismissed.

**Claim Against Defendant Luce**

Plaintiff names Judge Richard Luce as a defendant.  However, in his complaint

Plaintiff fails to make any allegations specifying how Defendant Luce violated his

constitutional rights.  Therefore, he shows no causal connection between Defendant Luce and

the alleged constitutional deprivations.  Moreover:

5

> Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citations and quotation marks omitted).

To the extent that Plaintiff seeks damages, Judge Luce is entitled to judicial immunity. Plaintiff's complaint neither alleges nor provides grounds to suggest that Judge Luce acted in the clear absence of all jurisdiction. See *Sibley*, 437 F.3d at 1070.

### Conclusion

Plaintiff fails to state a claim upon which relief may be granted.   Therefore, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1)

ACCORDINGLY, it is **ORDERED** that:

1.      Plaintiff's complaint (Dkt. 1) is **DISMISSED**.

2.      The **Clerk** shall enter judgment against Plaintiff, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 16, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:  Plaintiff *pro se*

6